## 11155

### DACUS v. COMMERCIAL BANK

#### (116 S. E., 437)

TRIAL—INSTRUCTION NOT SUPPORTED BY ANY EVIDENCE HELD ERROR.—
In an action by lessor against mortgagor of lessee's crops, grown on the leased land, it being conceded that mortgagor agreed to let lessor gather the crops, an instruction as to the effect of lessor taking the crops out of mortgagor's possession *held* error.

Before TOWNSEND, J., Anderson, March, 1922. Reversed and new trial granted.

Action by Cora E. Dacus against the Commercial Bank. Judgment for defendant and plaintiff appeals.

*Messrs. Bonham & Allen,* for appellant, cite: *Validity of mortgage depends on whether Kay was a tenant or a laborer:* 117 S. C., 245.

*Mr. A. H. Dagnal* for respondent. No citations.

March 15, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

Mrs. Cora E. Dacus, appellant, is the owner of a tract of land in Anderson County. For the year 1920 the land was worked by W. S. Kay, who gave a mortgage for $400 to the Commercial Bank on the crops for that year. In November, 1920, the Commercial Bank seized the crops under its mortgage. Mrs. Dacus through her agent, her husband, claims that she informed the bank that Kay was a laborer and had no right to mortgage the crops, after the crops had been seized. The bank and Kay claimed that Kay was a tenant and had mortgaged only half of the crops. Claiming that the crops were not being gathered and were being wasted, plaintiff through her agent and through her attorneys requested the defendant bank to gather the crops, and failing that to let her do it. In January, 1921, the bank consented to this arrangement, and plaintiff's agent gathered six stained and damaged bales of cotton. Plaintiff brought action, alleging that the defendant, by seizing the crop, had caused her to lose $441 because of the fall in prices in cotton from the time of seizure till the time of the release of the levy by the bank and crops wasted in the fields. Kay made default; did not answer complaint. The bank answered, putting in general denial and setting up a counterclaim for $900, alleging that plaintiff had failed to account for the crops. The jury found for the defendant $232. Motion for new trial was made, and, after taking the matter under advisement, the Judge filed an order refusing the motion. Plaintiff appeals. The exceptions are eight in number. Exception 4 is as follows:·

"It was error to charge that if the landlord took the crops out of the possession of the bank against its will the landlord would be liable. There was no evidence that the land-

lord took the crop against the will of the bank. The bank president testified it was taken under the agreement with the attorney of the landlord. The hurtful charge was not cured by the remarks of the Judge that if there was no evidence that the landlord took possession against the will of the mortgagee that part of the charge would be inapplicable and need not be considered by the jury. The question should not have been left to the jury; it confused the issues and embarrassed the jury to plaintiff's hurt. It was a charge on the facts."

This exception must be sustained. There is no conflict of evidence at all that shows that the landlord took the crops out of possession of the bank against its will. It is a conceded fact in the case that the landlord, by agreement with the bank, was to gather the crops. Even though the landlord did break a lock on one of the houses, that was after Kay left.

After Christmas the crops were in the field. The landlord was in possession of the houses, and there is no evidence that there were any crops therein, or that he interfered with any crops that were in the house, or by breaking the lock and taking possession of the house that the landlord in any manner trespassed on the rights of the bank. There must be a new trial on this exception.

Exceptions 1 and 2 overruled.. The other exceptions are not considered.

New trial.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES FRASER and MARION concur.